UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
One Bowling Green
New York, NY 10004-1408

| | | |
|---|---|---|
| IN RE: | ) | |
| Debtor | ) | |
| Sheldon Bert Leary, | ) | Case No. 15-11583-mg |
| 3410 Paul Ave. # 1R | ) | |
| Bronx, NY 10468 | ) | |
| SSN XXX XX 9075 | ) | |
| | ) | CHAPTER 7 |
| | ) | |
| Trustee | ) | |
| | ) | Hon. Martin Glenn |
| David R. Kittay, | ) | |
| Kittay & Gershfeld, P.C. | ) | Adv. Proceeding No. 15-01295-mg |
| 100 White Plains Rd. 2nd Fl. | ) | |
| Tarrytown, NY 10591 | ) | |
| | ) | |
| Great Lakes, Defendant | ) | |
| | ) | |
| | ) | |
| And | ) | |
| | ) | |
| | ) | |
| Betsy DeVos, Secretary, Dept of Education, | ) | |
| Defendant | ) | |

**************************************************************************

MOTION FOR CONTEMPT OF COURT ORDER

NOW comes Sheldon Leary, pro se, and requests this honorable Court find the conduct of the
Department of Education to be in direct contempt of the March 2, 2016, Order Granting Judgement by
Default against the above captioned Student Loan Servicers and Agents of the Department of Education,
hereafter, ED, and for reasons states;

Section 524(a)(2) of the Bankruptcy Code, which specifies that a discharge order triggers an
automatic injunction against any creditor that attempts to collect a discharged debt.  If a creditor attempts
collection efforts on a discharged debt, the debtor can file a Contempt motion with the court, reporting the
action and asking that the case be reopened to address the matter. This is such an attempt.

## FACTS

1. On June 17, 2015, Plaintiff filed for Bankruptcy in U.S. Bankruptcy Court, for the Southern District of New York, under Chapter and before the honorable Martin Glenn.

2. On August 28, 2015, Plaintiff filed an Adversary Proceeding against the Defendant under the Bankruptcy petition.

3. Plaintiff included in the Adversary Petition loan servicers; Discover Student Loans, EDSI, Navient, and Wells Fargo.

4. On or about September 23, 2015, Plaintiff properly served a copy of the Adversary Proceedings Complaint and Summons to the Defendant and all other loan servicers

5. EDSI, Navient, and Wells Fargo, all answered Plaintiff's Adversary Petition.

6. Discover Student Loans and Great Lakes failed to timely plead or otherwise respond to said Summons and Complaint.

7. On December 16, 2015, Plaintiff requested that the Clerk of Bankruptcy Court enter a Default against Defendants Discover and Great Lakes.

8. On January 7, 2016, the Clerk entered Defendants Discover and Great Lakes' Default.

9. On February 8, 2016, Plaintiff filed the Motion and served notice of the Clerk's entry of Default against Defendant Great Lakes and notice of the Motion.

10. Defendant Great Lakes failed to respond to the Motion.

11. Defendant Great Lakes failed to appear for the hearing scheduled February 29, 2016.

12. On March 2, 2016, this honorable Court, Ordered, Adjudged and Decreed that the Plaintiff is discharged from the student loan debt held by Defendant Great Lakes.

13. On or about June 17, 2019, Plaintiff received a letter from Defendant ED, admitting to having received notice of the Adversary Proceedings and Discharge Order from its agent Loan Servicer but nevertheless demanding payment on debt discharged by this honorable Court, and threatening imminent garnishment. (See Attachment A)

14. Plaintiff promptly replied on or about June 17, 2019, by forwarding to Defendant ED, the Court's Default/Discharge Orders and the Adversary Proceedings Motion. (See Attachment B).

15. Despite its actual knowledge of this Court's Discharge Order, on or about November 14, 2019, Defendant ED, sent another letter threatening immediate garnishment.(See Attachment C ).

16. Despite its actual knowledge of this Court's Discharge Order, on or about December 13, 2019, Plaintiff became aware, through Credit Karma of ED's negative report to TransUnion and Experian Credit Services in violation of Section 524(a)(2) of the U.S. Bankruptcy Code.

I.    MOTION FOR CONTEMPT IS PROPER

Section 524(a)(2) of the Bankruptcy Code, specifies that a discharge order triggers an automatic injunction against any creditor that attempts to collect a discharged debt.  If a creditor attempts collection efforts on a discharged debt, the debtor can file a Contempt motion with the Court, reporting the action and asking that the case be reopened to address the matter. This is such an attempt.

II.    GREAT LAKES, AND ALL OTHER STUDENT LOAN SERVICERS, ARE AGENTS OF THE DEPARTMENT OF EDUCATION.

Black's Law Dictionary has defined agency as a relation, created either by express or implied contract or by law, whereby one party (called the principal or constituent) delegates the transaction of some lawful business or the authority to do certain acts for him or in relation to his rights or property, with more or less discretionary power, to another person (called the agent, attorney, proxy, or delegate) who undertakes to manage the affair and render him an account thereof. State v. Ilubbard, 58 Kan. 797, 51 Pac. 290, 39 L. R. A. S60; Sternaman v. Insurance Co., 170 N. Y. 13, 62 N. E. 763, 57 L. R. A. 318, 88 Am. St. Rep. 625; Wynegar v. State, 157 Ind. 577, 62 N. E. 38. Loan Servicers are therefore, by definition, agents of the Dept of Education.

The ED has entrusted the authority in relation to the debt to the Loan Servicers, who manage every aspect of the debt, including settlement, mediation, modification and even litigation.  It is another principal of law that 'an agent's act binds the principal'. Notice to the Agent is notice to the Principal.

4

Therefore, in its Order, this Court correctly articulated that the Defendants were, each, the holder of the respective debt. The Court correctly adjudged that "due and proper notice" of the Adversary Proceeding Motion and "opportunity for a hearing thereon having been given." This Court rightly "determined that the legal and factual basis" of the Plaintiff's Adversary Proceeding Motion, "establish just cause for the relief granted."

Congress created the Direct Loan Program as part of the Student Loan Reform Act of 1993 (Pub. L. 103-66). Congress provided that the program would be administered by the Department through student loan servicers, directing the Secretary to enter into contracts for loan "servicing" and for "such other aspects of the direct student loan program as the Secretary determines are necessary to ensure the successful operation of the program." (20 U.S.C. 1087f(b)(4).) To achieve its goals of streamlining and simplifying the delivery of student loans and of saving taxpayer dollars (See 139 Cong. Rec. S5585, S5628 (1993)), Congress designed a program in which servicing would be "provided at competitive prices" by entities "selected by and responsible to the Department of Education." (20 U.S.C. 1087f(a)(1); H.R. Rep. No. 103-111, at 107 (1993).).

As the United States recently noted in the Statement of Interest in Massachusetts v. Pennsylvania Higher Education Assistance Authority, "The Department's contract with [loan servicers] is voluminous-- spanning more than 600 pages and including provisions governing [the servicer's] financial controls, internal monitoring, communications with borrowers, and many other topics." In its contracts with loan servicers, including task orders and change requests issued under those contracts, the Department specifies in detail the responsibilities and obligations of the servicers for Direct Loans and the benefits provided under that program. So, again, Great Lakes and all other Student Loan Servicers are agents of Defendant ED.

Great Lakes had actual authority to act on behalf of the principal, Defendant ED, and as such, actions (or inaction) of the Agent bind the Principal.

III.    DEPARTMENT OF EDUCATION WAS AWARE OF THE DISCHARGE ORDER AND
ATTEMPTS TO COLLECT ON THAT DISCHARGE DEBT IS CONTEMPT.

In addition to being on notice of the Default and Discharge Order through its agent Defendant Great
Lakes, Defendant ED was served a copy of the Adversary Proceeding Petition and the Default Discharge
Order by Plaintiff. (See Fact No. 14)

This contempt has caused Plaintiff aggravation, loss of sleep and worry, in addition to contributing
to marital strain. Equally damaging is the damage due to a downgrading of Plaintiff's credit rating.

Defendant ED is in contempt of this Court's March 2, 2016 Order finding Defendant Great Lakes in
Default and Discharging the debt.

WHEREFORE, Plaintiff moves this Honorable Court,

A.   Find the Department of Education (Defendant ED) in Contempt of the Court's Discharge Order.

B.   Order Department of Education, (Defendant ED) to withdraw and remedy any negative credit
reporting.

C.   Order Department of Education, (Defendant ED) to pay a fine in the amount within the sound
wisdom of this Court and commensurate legal precedent.

D.   Order Department of Education, (Defendant ED) to pay Plaintiff a nominal Award of $5,000, for
pain and suffering caused by its contemptuous conduct and in violation of the Court's Order.

E.   Grant Plaintiff such other and further relief as justice and the nature of his cause require.

Respectfully submitted,

/s/

Sheldon Bert Leary, Plaintiff, Pro se

6

## CERTIFICATE OF SERVICE

I, SHELDON BERT LEARY, do hereby Certify, that on the 23rd, day of December 2019, a copy

of the above Motion and Attachments were mailed Certified Mail to the below addresses.

Attorney General of the United States U.S. Department of Justice
950 Pennsylvania Avenue, NW Washington, DC 20530-0001

U. S. Department of Education, Office of General Counsel
400 Maryland Avenue, S.W. Room 6E300 Washington, DC 20202-2111 U.S.

Department of Education Direct Loan Servicing Center
P.O. Box 5609 Greenville, TX 75403-5609

Great Lakes

P.O. Box 3059, Milwaukee, WI 53201-3059

Sheldon Bert Leary

ATTACHMENT
A

June 17, 2019

Mr. Sheldon Leary
3410 Paul Avenue
Apartment 1R
Bronx, NY  10468-1005

                                        Hearing Decision
                                        Federal Direct PLUS Loans
                                        Federal PLUS Loan
                                          Debt No.:  40770766
                                                     40770769
                                                     40770773
                                                     40770776
                                                     40770778
                                                     40770783
                                                     45468096
                                        Account No.:  1029303165

Dear Mr. Leary:

This is in response to your request for a hearing on your objection to offset your federal and/or
state tax refunds and other payments for a debt held by the U.S. Department of Education,
Federal Student Aid. This decision was rendered after a review of the written records you
submitted. We regret the delay in responding to your concerns.

<u>Your objection(s) to offset:</u>

  • You object to offset on the grounds that this debt was discharged in bankruptcy.

<u>Evidence considered:</u>

We reviewed the documents you provided and information in the Department's electronic
records regarding your account.

Our records indicate that in 2009-10, you received a Federal PLUS Loan in the amount of
$32,900.00 for Mr. Marjani Leary to attend Adelphi University. In 2010-14, you received four
Federal Direct PLUS Loans in the total amount of $138,010.00 for Mr. Marjani Leary to attend
Adelphi University. In 2011-12, you received a Direct PLUS Loan in the amount of $18,745.00
for Ms. Khaya Leary to attend George Washington University. In 2013-14, you received a Direct
PLUS Loan in the amount of $15,656.00 for Mr. Jordan Leary to attend Iona College. The parent
borrower, not the student, is responsible for repayment of a PLUS Loan. The loans were declared



**Federal Student Aid**
*An OFFICE of the U.S. DEPARTMENT of EDUCATION*

Page 2 – Mr. Sheldon Leary

in default, and Great Lakes Educational Loan Services, the Department's student loan servicer, later assigned the account to the Department's Default Resolution Group. The loans entered our database in 2018.

No payments have been credited since this account was assigned to the Department's Default Resolution Group.

The Department received documentation showing that you filed for relief in bankruptcy in 2015. For bankruptcy petitions filed on or after October 8, 1998, 11 USC 523(a)(8), as amended by Section 971 of the Higher Education Amendments of 1998, specifies that educational benefit overpayments and educational loans cannot be discharged in bankruptcy unless the court finds that repayment would impose undue hardship on the borrower and the borrower's dependents.

You also provided evidence of filing an adversary hearing against Great Lakes Educational Loan Services that included the loans noted above. However, the holder of the debt was the U.S. Department of Education. Great Lakes Educational Loan Services was the servicer for the U.S. Department of Education. Because you did not name the U.S. Department of Education in your adversary filing, we must conclude that the debts were not discharged. The default judgment issued by the court against Great Lakes Educational Loan Services did not apply because this agency was not the holder of the debt. You may wish to re-open this adversary filing and name the U.S. Department of Education as the holder of the debt. At this time, you remain responsible for repayment of the outstanding balance due.

Our records indicate that you have also requested a wage garnishment hearing. That hearing is still under review and you will receive a separate response to that hearing request.

Decision:

The Department finds your debt is legally enforceable and will request the U.S. Department of the Treasury to offset your federal and/or state tax refunds and other payments.

Consequences of the decision and further rights:

The amount needed to satisfy the outstanding balance on this account is $338,240.81 as of June 13, 2019. This balance includes $285,988.17 in unpaid principal and $52,252.64 in accrued interest. In addition, National Recoveries, Inc. has a contract with the Department and is entitled by its contract to a commission on any payments made on this account while the account is placed with the agency for collection. By virtue of Section 484A(b) of the Higher Education Act of 1965, as amended, 20 USC 1091a(b)(1), and the terms of the borrower's promissory note, the borrower is liable for collection costs, which are projected to total $60,612.75. The amount needed to satisfy the obligation in full, therefore, is $398,853.56.

Because the Department finds your student aid obligation past due and legally enforceable, the Department will refer this debt to the U.S. Department of the Treasury for offset. However, you still have the option to avoid offset of your federal and/or state tax refunds and other payments

Page 3 – Mr. Sheldon Leary

by sending payment in the amount of $398,853.56 to the address below or by entering into a repayment agreement satisfactory to the Department, making an initial payment within seven days of the date of this letter, and continuing to make timely payments.

Send payments to:

> U.S. Department of Education
> National Payment Center
> P.O. Box 790336
> St. Louis, MO  63179-0336

You should include your name and account number on the front of all payment instruments.

For further information, you should contact National Recoveries, Inc. at 1-877-221-9729.

If you disagree with this decision, and your federal and/or state tax refund or other payment is offset, you may have this decision reviewed by bringing a lawsuit in federal district court.

For more information, visit our Web site at myeddebt.ed.gov.

This action is taken to collect a loan or grant obligation held by the Department. It is totally separate from any notice of proposed offset from a guaranty agency. You must contact that agency if you object to collection of a loan held by a guaranty agency.

> Sincerely,
>
> Hearing Official
> Borrower Services

ATTACHMENT B

I previously forwarded a copy of the discharge, and order dismissing and closing adversary proceedings. This was sent to the US Department of Education, ATTN:AWG Hearings Branch, PO Box5227, Greenville, TX75403-5227. I directed that any questions about this judgment should be directed to Martin Glenn, United States Bankruptcy Judge.

Obviously, this was not investigated by the Department of Education. Therefore, I am attaching the original Adversary Proceeding complaint and the Court's decision and reasoning pursuant to said complaint. This should answer any questions regarding the basis for Adversary Proceeding relief and the Court's deliberation and ruling on this matter.

Kindly respond to this information, which may be new to the Department. I assert that the federal Bankruptcy Court's decision clearly disposed the issue as to whether this debt was rightfully discharged. If your office deems otherwise, please inform and I will promptly file a petition with Judge Glenn to stay any attempt to garnish and enforce the Court's appropriate finding.

Sheldon Leary

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

In re:

SHELDON BERT LEARY,                           Chapter 7

                              Debtor.         Case No. 15-11583 (MG)

-------------------------------------------------------------X

SHELDON BERT LEARY,

                                              Adv. Proc. No. 15-01295 (MG)

                              Plaintiffs,

        -against-

DISCOVER STUDENT LOANS, EDSI, GREAT
LAKES, NAVIENT, AND WELLS FARGO
EDUCATION,

                              Defendant.

-------------------------------------------------------------X

## JUDGMENT BY DEFAULT AGAINST DEFENDANT GREAT LAKES

Upon the motion dated February 8, 2014 (the "Motion," ECF Doc. # 23), of Sheldon Bert

Leary ("Plaintiff"), in the above-captioned adversary proceeding for an order, pursuant to Rule

55 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 7055 of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), entering a default

judgment against defendant Great Lakes ("Defendant"); and upon the affidavit of the Plaintiff

submitted in support of the Motion; and due and proper notice of the Motion and opportunity for

a hearing thereon having been given; and it appearing that no other or further notice need be

provided; and the Court having determined that the legal and factual basis set forth in the Motion

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor

## IT IS HEREBY FOUND AND DETERMINED THAT:

A.    This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984.

B.    The Motion is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (E) and (O).

C.    Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because this proceeding arises in a case under the Bankruptcy Code pending in this district.

D.    The complaint (the "Complaint," ECF Doc. # 1) and summons (the "Summons," ECF Doc. # 2) were properly served upon Defendant on or about September 23, 2015. (*See* ECF Docs. # 13, 23.)

E.    Defendant failed to timely plead or otherwise respond to the Summons and Complaint.

F.    On December 16, 2015, Plaintiff requested that the Clerk of this Court enter a default against the Defendant. (ECF Doc. # 13.)

G.    On January 7, 2016, the Clerk of this Court entered the Defendant's default with respect to the Complaint. (ECF Doc. # 15.)

H.    On February 8, 2016, the Plaintiff filed the Motion.

I.    On the same day, Plaintiff served notice of the Clerk's entry of default against the Defendant and notice of the Motion. (ECF Doc. # 23.)

J.    Defendant failed to timely respond to the Motion.

K.    The Defendant failed to appear at the hearing in this matter, scheduled for February 29, 2016.

2

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Plaintiff is discharged from the student loan debt held by Great Lakes.

**IT IS SO ORDERED.**

Dated:   March 2, 2016
             New York, New York

                                            _____/s/Martin Glenn_____
                                            MARTIN GLENN

3

# Notice Recipients

District/Off: 0208-1          User: mariarod               Date Created: 1/5/2017
Case: 15-11583-mg          Form ID: 155new              Total: 28

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

db      Sheldon Bert Leary       3410 Paul Ave      #1R      Bronx, NY 10468
ust     United States Trustee      Office of the United States Trustee      U.S. Federal Office Building      201 Varick
        Street, Room 1006      New York, NY 10014
tr      David R. Kittay      Kittay & Gershfeld, P.C.      100 White Plains Road      2nd Floor      Tarrytown, NY
        10591
smg     New York State Tax Commission      Bankruptcy/Special Procedures Section      P.O. Box 5300      Albany,
        NY 12205-0300
smg     United States Attorney's Office      Southern District of New York      Attention: Tax & Bankruptcy
        Unit      86 Chambers Street, Third Floor      New York, NY 10007
smg     N.Y. State Unemployment Insurance Fund      P.O. Box 551      Albany, NY 12201-0551
smg     New York City Dept. Of Finance      345 Adams Street, 3rd Floor      Attn: Legal Affairs – Devora
        Cohn      Brooklyn, NY 11201-3719
6708977   AMERICAN HONDA FINANCE CORPORATION      PO BOX 7829      PHILADELPHIA, PA
          19101-7829
6708976   BANK OF AMERICA      PO BOX 15019      WILMINGTON, DE 19886-5019
6708967   BIO REFERENCE LABORATORIES      PO BOX 26548      SALT LAKE CITY, UT 84126-0548
6708968   CABLEVISION      PO BOX 371378      PITTSBURGH, PA 15250-7378
6708964   CHASE CREDIT CARD SERVICES      PO BOX 94014      PALATINE, IL 60094-4014
6708969   CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.      4 IRVING PLACE      NEW YORK, NY
          10003
6741086   CONSOLIDATED EDISON COMPANY OF NEW YORK, INC.      BANKRUPTCY GROUP      4 IRVING
          PLACE, ROOM 1875-S      NEW YORK, NY 10003
6718904   Citibank      3131 Main Street      Mohegan Lake, NY 10547
6708974   DEPARTMENT OF THE TREASURY      INTERNAL REVENUE SERVICE      HOLTSVILLE, NY
          11742-0480
6708970   DISCOVER STUDENT LOANS      PO BOX 6107      CAROL STREAM, IL 60197-6107
6718905   EDSI      P.O. Box 815459      Dallas, TX 75381-5459
6708971   GREAT LAKES      PO BOX 3059      MILWAUKEE, WI 53201-3059
6718903   Honda      P.O.Box 7829      Philadelphia, PA 19101-7829
6708963   MACY'S AMERICAN ACCOUNT      PO BOX 183083      COLUMBUS, OH 43218-3083
6708962   MACY'S AMERICAN EXPRESS ACCOUNT      PO BOX 183084      COLUMBUS, OH 43218-3084
6708972   NAVIENT      PO BOX 9555      WILKES-BARRE, PA 18773-9555
6708973   NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE      BANKRUPTCY SECTION      PO
          BOX 5300      ALBANY, NY 12205-0300
6773219   Navient Solutions Inc. on behalf of USA Funds      Attn: Bankruptcy Litigation Unit E3149      P.O. Box
          9430      Wilkes-Barre, PA 18773-9430
6708965   UNION PLUS CREDIT CARD      PO BOX 71104      CHARLOTTE, NC 28272-1104
6708975   WELLS FARGO      EDUCATIONAL FINANCIAL SERVICES      PO BOX 5185      SIOUX FALLS, SD
          57117-5185
6708966   WELLS FARGO FINANCIAL NATIONAL BANK      PO BOX 660431      DALLAS, TX 75266-0431

TOTAL: 28



RECEIVED
AUG 2 8 2015

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Debtor ) | |
| Sheldon Bert Leary, ) | CASE NO. 15-11583 |
| 3410 Paul Ave. # 1R ) | |
| Bronx, NY 10468 ) | |
| SSN XXX XX 9075 ) | |
| ) | CHAPTER 7 |
| ) | |
| Trustee ) | |
| ) | Hon. Martin Glenn |
| David R. Kittay, ) | |
| Kittay & Gershfeld, P.C. ) | Adv. Proceeding No. |
| 100 White Plains Rd. 2ᴺᵈ Fl. ) | |
| Tarrytown, NY 10591 ) | |
| ) | |
| Discover Student Loans, ) | |
| EDSI, ) | |
| Great Lakes, ) | |
| Navient, ) | |
| Wells Fargo Education ) | |

## COMPLAINT FOR ADVERSARY PROCEEDINGS

Sheldon Bert Leary, debtor, pro se, does respectfully Petitions this honorable Court to grant him an adversary complaint proceeding against the named student loan creditors, seeking discharge of the student loan debt pursuant to Section 523(a)(8) of the Bankruptcy Code alleging that an "undue hardship" would result if the debtor had to repay the student loan debt.

## JURISDICTION

The Debtor filed the above captioned case on or about June 17, 2015, under chapter 7 of the U.S. Bankruptcy

Code. On July 23, 2015, a "341 Meeting" was held. This Court thus has jurisdiction over this action under 28

U.S.C. § 1334. This proceeding is a core proceeding.

### PARTIES

1. David R. Kittay is the United States Trustee for Region 21. 28 U.S.C.


Debtor incorporates the information contained in the above captioned Chapter 7 petition.

The following unsecured debts owing by the Debtor and listed in Schedule F are Defendants;

Discover Student Loans,

EDSI

Great Lakes,

Navient, and

Wells Fargo Education   (See Attachment).

### FACTS

1. Debtor, after marriage, invested heavily in the education of his three children.  Working a full

   time and part time job, Debtor was able to modestly afford sending all three children to

   prestigious Preparatory schools.  Each child achieved academic excellence which allowed them

   to be selected to George Washington University, Adelphi College and the University of Virginia,

   respectively.  To afford these institutions required Debtor to borrow a total of $380,000.00.

2. Upon fearing the elimination of his position at SUNY/Downstate, Debtor moved to work at

   Montefiore Hospital.

3. During the transition to Montefiore, Debtor cashed in both 401K and 403 to make $40,000

   payment to Student Loan Creditor---Great Lakes. (Debtor sustained a corresponding Tax liability

   to do so).

4.  After losing his Montefiore job Debtor still maintained contact with creditors and eventually found employment at the University of Maryland Hospital in Baltimore Maryland.

5.  Debtor, could no longer work a full time and part time job.

6.  Debtor is 58 years old and will not likely earn much more than his current salary.

7.  As revealed in the attached work sheet, payment of the monthly installments as to these debts totals $4, 415.00 per month.  Combined with Debtor's reasonable living expenses, the student loan repayments would exceed income by over $4,000.00, each month.  It is abundantly clear that Debtor would be unable to support himself with food or shelter and thus could not maintain his employment.   Clearly, this is prima facie, undue hardship.

## CLAIMS

I.   Debtors had made good faith efforts to repay the student loans, considering the number of student loan payments made, the dollar amount of student loan payments made, and debtors' efforts to receive multiple student loan extensions, deferments, and forbearances.

II.  The repayment of the student loan debts would indeed cause debtors an "undue hardship" and thus debtor is entitled to discharge the student loan debts.

III. Debtors' monthly expenses exceeded their monthly income by approximately $4,500 monthly.

IV.  Debtor's living expenses including rent payment necessary for employment is a modest amount, other costs are reasonable to minimal. Other than that, debtor has lived frugally and has made reasonable choices about his expenses.



V.     Debtor asserts that he has consistently work history since completing his education. Debtor avers that at the age of fifty eight (58), he does not have opportunities to increase his income in the future.

VI.    Debtor has lived frugally and had made reasonable choices about his expenses, indulging only in the investment of his children's educational opportunity.

VII.   Debtor supports his three children and wife, all of whom have graduated and /or currently enrolled in major universities.

VIII.  Debtor's loan repayment history favors debtors' position. Debtors made as many as 72 payments on one of the loans and previously received multiple student loan extensions, deferments, and forbearances during their efforts to repay the student loan debts.

## ARGUMENT

A. Debtors has proved that he could not, based on his current income and expenses, maintain a "minimal" standard of living for his self and support the needs of his adult children if forced to repay the loans. Indeed Debtor has gone further to establish he could not maintain "any" standard of living if forced to repay the loans, no matter what formula or methods of savings/budgeting were adopted

B. Debtor demonstrates his inability to pay the student loans in the present and a likely inability to pay the student loans in the future.

C. Debtor has made good faith efforts to repay the student loans after considering the number of student loan payments made, the dollar amount of student loan payments made, and debtors' efforts to receive multiple student loan extensions, deferments, and forbearances.

**WHEREFORE**, Debtor request that this honorable Court, find that he has met the his burden with respect to establishing "undue burden" and,

1. Discharge the above mentioned Student Loan debt consistent with his Chapter 7 petition.

2. Grant Debtor such other and further relief as justice and the nature of his cause require.

*Sheldon Brent Leary*

Sheldon Bert Leary
Debtor, pro se

1. Scott v. US Department of Education, 417 B.R. 623 (Bankr. W.D.Wash. 2009). Chapter 7 debtors filed
   an adversary proceeding seeking an order determining that debtors were entitled to "undue hardship"
   discharge of their more than $322,000 in student loan debt. After an evidentiary hearing, the court
   found that the repayment of the student loan debts would indeed cause debtors an "undue hardship"
   and thus debtors were entitled to discharge the student loan debts.

   Debtors were married, less than 34 years of age, and were parents to two healthy young children.
   Both debtors worked and earned a combined annual income in excess of $90,000. Debtors testified
   that both had consistent work histories since completing their education. Debtors also testified that
   they do not have opportunities to increase their income in the future.

   Debtors' monthly expenses exceeded their monthly income by approximately $1,000 monthly.
   Debtors' rent payment was a modest amount and the day care expenses for both children were
   expensive. Debtors' only excessive debt related to an approximately $500 vehicle payment. Other
   than that, debtors had lived frugally and had made reasonable choices about their expenses.

   Debtors' loan repayment history favored debtors' position. Debtors made as many as 72 payments on
   one of the loans and previously received multiple student loan extensions, deferments, and
   forbearances during their efforts to repay the student loan debts.

   The Scott court adopted the three-part dischargeability test set forth in In re Brunner, 46 B.R. 752
   (S.D.N.Y. 1985), to determine whether excepting the student loan debts from discharge would
   constitute an undue hardship on debtors. The Scott court found that debtors proved that they could
   not, based on their current income and expenses, maintain a "minimal" standard of living for
   themselves and their dependents if forced to repay the loans. Next, the court found that debtors
   demonstrated their inability to pay the student loans in the present and a likely inability to pay the
   student loans in the future. Finally, the court found that debtors had made good faith efforts to repay

the student loans after considering the number of student loan payments made, the dollar amount of
student loan payments made, and debtors' efforts to receive multiple student loan extensions,
deferments, and forbearances

1. In re Booth, 410 B.R. 672 (Bankr. E.D. Wash 2009). A chapter 7 bankruptcy debtor brought an
   adversary complaint against a student loan creditor seeking discharge of the student loan debt
   pursuant to Section 523(a)(8) of the Bankruptcy Code alleging that an "undue hardship" would result
   if the debtor had to repay the student loan debt. Prior to filing bankruptcy, the debtor had participated
   in a student loan deferral payment program. As a result of the program and debtor's deteriorating
   financial position, the student loan creditor established a zero dollar per month short-term repayment
   plan with the balance to be paid much later. Nevertheless, debtor filed for bankruptcy and sought a
   complete discharge of all the student loan debt.

   The student loan creditor opposed the complete discharge of the student loan debt. In fact, the
   creditor filed a motion for summary judgment seeking an order finding the student loan debtor NOT
   eligible for a bankruptcy discharge AS A MATTER OF LAW because the deferral payment program had
   granted debtor a zero dollar per month short-term repayment plan. In short, the student loan creditor
   believed that the debtor could not establish "undue hardship" as a matter of law since debtor had
   agreed to a zero dollar short-term repayment plan and therefore no hardship existed, much less
   "undue" hardship.

   The Court rejected the student loan creditor's argument and denied the motion for summary
   judgment. The court noted the difference in relief granted by both options: (a) the bankruptcy
   discharge offered permanent relief by eliminating the student loan debt forever, whereas (b) the
   deferral payment program only offered short-term relief with the balance coming due later. Next, the
   court focused on the factual review given by both options: (a) the bankruptcy court would review the
   facts of each case on a case-by-case basis to determine if the repayment of the student loan debt
   would result in an undue hardship upon the debtor, whereas, (b) the deferral payment program gave
   no individual review, instead relying upon a formula to determine loan payments.

**STUDENT LOAN CREDITORS**

| Creditors Name | Acct # | Amt. Borrowed | Proposed Monthly Payment |
|---|---|---|---|
| Discover Student Loans | 1123 | 45,149 | 371.87 |
| PO Box 6107 | 1124 | 6,173 | 57.72 |
| Carol Stream, IL 60197-6107 | 1125 | 23,750 | 240.86 |
| | | | |
| EDSI | 0376 | 4,614 | 40.00 |
| PO Box 815459 | | | |
| Dallas, TX 75381-5459 | | | |
| | | | |
| Great Lakes | 8541 | 169,365 | 2074.00 |
| PO Box 3059 | 7581 | 22,774 | 306.00 |
| Milwaukee, WI 53201-3059 | 7577 | 50,330 | 650.00 |
| | 8581 | 17,272 | 233.00 |
| | | | |
| Navient | 8241 | 28,649 | 264.28 |
| PO Box 9555 | | | |
| Wilkes Barre, PA 18773-9555 | | | |
| | | | |
| Navient | 9617 | 4,971 | 119.19 |
| PO Box 9500 | | | |
| Wilkes Barre, PA 18773-9500 | | | |
| | | | |
| Wells Fargo Ed | 4605 | 7,000 | 58.00 |
| PO Box 5185 | | | |
| Sioux Falls, SD 57117-5185 | | | |
| Totals | | 380,047 | 4,414.92 |



FORM 104 (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

**PLAINTIFFS** (Names and Addresses)

SHELDON BERT LEARY
3410 PAUL AVE #1R
BRONX, NY 10468

**DEFENDANTS** (Names and Addresses)

SEE ATTACHMENT
"STUDENT LOAN CREDITORS" #5

**ATTORNEYS** (Firm Name, Address, and Telephone No.)

PRO SE

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)

☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor   ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)

☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin
☑ Creditor   ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

DISCHARGE OF STUDENT LOAN DEBT PURSUANT TO SECTION 523(a)(8) OF THE BANKRUPTCY CODE ALLEGING THAT AN UNDUE HARDSHIP WOULD RESULT IF DEBTOR HAS TO REPAY STUDENT LOAN DEBT

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) - Recovery of Money/Property | FRBP 7001(6) - Dischargeability (continued) |
|---|---|
| ☐ 11-Recovery of money/property - §542 turnover of property | ☐ 61-Dischargeability - §523(a)(5), domestic support |
| ☐ 12-Recovery of money/property - §547 preference | ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| ☐ 13-Recovery of money/property - §548 fraudulent transfer | ☑ 63-Dischargeability - §523(a)(8), student loan |
| ☐ 14-Recovery of money/property - other | ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) - Validity, Priority or Extent of Lien** | ☐ 65-Dischargeability - other |
| ☐ 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) - Injunctive Relief** |
| **FRBP 7001(3) - Approval of Sale of Property** | ☐ 71-Injunctive relief - imposition of stay |
| ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | ☐ 72-Injunctive relief - other |
| **FRBP 7001(4) - Objection/Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| ☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | ☐ 81-Subordination of claim or interest |
| **FRBP 7001(5) - Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** |
| ☐ 51-Revocation of confirmation | ☐ 91-Declaratory judgment |
| **FRBP 7001(6) - Dischargeability** | **FRBP 7001(10) Determination of Removed Action** |
| ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | ☐ 01-Determination of removed claim or cause |
| ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| | ☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq. |
| ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny **(continued next column)** | ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

RECEIVED
AUG 2 8 2015
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

**FORM 104 (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR *SHELDON BERT LEARY* | | BANKRUPTCY CASE NO. *15-11583* |
| DISTRICT IN WHICH CASE IS PENDING *SOUTHERN DISTRICT OF N.Y.* | DIVISIONAL OFFICE | NAME OF JUDGE *MARTIN GLENN* |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE . |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *Sheldon Bert Leary* | | |
| DATE *8/26/2015* | PRINT NAME OF ATTORNEY (OR PLAINTIFF) *SHELDON BERT LEARY* | |

`Print Form`

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint. Addresses should be listed for all Plaintiffs and Defendants.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

ATTACHMENT
C



November 14, 2019

Mr. Sheldon Leary
3410 Paul Avenue
Apartment 1R
Bronx, NY  10468-1005

Federal Direct PLUS Loans
Federal PLUS Loan
Debt No.: 40770766
40770769
40770773
40770776
40770778
40770783
45468096
Account No.: 1029303165
Balance: $409,613.69

## GARNISHMENT HEARING DECISION

Dear Mr. Leary:

This letter presents the findings and conclusions reached after the recent reconsideration hearing requested by you regarding an objection to collection of a defaulted student loan account held by the U.S. Department of Education, Federal Student Aid, through wage garnishment action. This decision was rendered after careful review of your arguments and all available records related to your account, including those submitted by you and those held by the Department. Our findings are conclusive and constitute the Department's final decision on your objections.

Evidence considered:

Your Request for Hearing
Records concerning your bankruptcy
Your letters

Decision:

The Department's original determination that your wages are subject to a garnishment order, as proposed in the notice, at the rate of 15 percent of your disposable pay, stands.



Federal **Student** Aid
An OFFICE of the U.S. DEPARTMENT of EDUCATION

Page 2 – Mr. Sheldon Leary

Reason for decision:

On August 5, 2019, the Department issued a decision that this debt is enforceable by wage garnishment at the rate stated in the decision. You now object to wage garnishment due to financial hardship. We therefore consider your current objection to be a request for reconsideration of the prior decision that the debt was enforceable by wage garnishment at the rate stated in the decision.

- You objected to garnishment on the basis that this debt was discharged in bankruptcy.

For bankruptcy petitions filed on or after October 8, 1998, Section 523(a)(8) of the Bankruptcy Code provides that educational loans cannot be discharged in bankruptcy unless the court finds that repayment would impose undue hardship on the borrower and the borrower's dependents. You have not provided a ruling by the court that repayment would constitute an undue hardship. Based on this evidence, we must conclude that the loans were not discharged.

- You objected to garnishment on the basis that withholding at the rate of 15 percent of your disposable pay would cause a financial hardship to you.

The Request for Hearing advised you to submit a financial disclosure statement in order to be considered in evaluating your objection to garnishment. As of the date of this letter, the Department has not received a completed financial disclosure statement or other explanation of your financial circumstances to support your claim of financial hardship.

Consequences and further rights:

We conclude that this debt is enforceable by garnishment at this time in the amount stated in the notice, with accrued interest and costs of collection, at the rate of 15 percent of your disposable pay.

The balance shown includes the outstanding principal of $285,988.17, accrued interest of $61,377.58, and projected collection costs of $62,247.94 as of November 12, 2019. The unpaid principal balance noted above will continue to accrue interest. You still have the option to avoid wage garnishment by making voluntary monthly payments in the amount of 15 percent of your disposable pay or by sending payment in full.

If you wish to repay this debt voluntarily, you must contact our representative at the address or telephone number listed below within 15 calendar days of the date of this letter and promptly establish an acceptable repayment agreement. Furthermore, you must sign and return the repayment agreement letter within 10 business days after the date of this agreement along with your first installment payment. If you fail to meet both of these deadlines, you will forfeit this voluntary repayment opportunity, and the Department will immediately order your employer to begin withholding 15 percent from your disposable pay every pay period until the balance stated, with accrued interest and costs of collection, is paid in full.

Page 3 – Mr. Sheldon Leary

You must call our representative at the telephone number listed below and agree to repay at
15 percent of your disposable pay or to discuss other payment arrangements.

> National Recoveries, Inc.
> P.O. Box 120666
> St. Paul, MN  55112-0022
> 1-877-221-9729

Payment in full should be sent to:

> U.S. Department of Education
> National Payment Center
> P.O. Box 790336
> St. Louis, MO  63179-0336

You should make all payment instruments payable to the "U.S. Department of Education" and
include your name and account number on the face of the payment instrument.

You may request to have us reconsider this decision on the existence, amount, past-due status,
and enforceability of this debt. To obtain reconsideration, you must submit evidence that you did
not previously submit that persuades us that we should reconsider. If we agree to reconsider this
decision, we will notify you.

You may also request reconsideration of this decision due to financial hardship. To request either
consideration or reconsideration on the grounds of financial hardship, you must submit evidence
with your request that demonstrates that your financial situation has materially changed since we
issued our decision so that we should reduce the amount issued under the order. You may request
a "Financial Disclosure Statement" from our customer service representative at 1-800-621-3115
(TTY: 1-877-825-9923).

The request for consideration or reconsideration will not delay or cancel the wage withholding
under any order that has already been issued. You should submit your request, along with a copy
of the original decision and the evidence you want us to consider, to:

> U.S. Department of Education
> AWG Hearings Unit
> P.O. Box 5227
> Greenville, TX  75403-5227

If you disagree with this decision, you may have this decision reviewed by bringing a lawsuit in
a Federal District Court.

Page 4 – Mr. Sheldon Leary

Your employer may not discharge you from employment, nor take disciplinary action against you as a result of an Order for Withholding; nor can a prospective employer refuse to employ you as a result of this proposed action or existence of an Order for Withholding. If any such actions for such reason are taken against you, you may sue that employer in state or federal court for reinstatement, back pay, attorney's fees, and punitive damages.

This determination affects only the debt described in the notice of garnishment and is totally separate from any notice of proposed federal payment offset or garnishment you may have received from a guaranty agency. If you received a notice of collection action from a guaranty agency, you must present any objections to collection action to that agency.

Sincerely,

Hearing Official
Borrower Services



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

WASHINGTON, DC 20202

| Certified Mail Fee | $3.50 | | 0144 |
| Extra Services & Fees *(check box, add fee as appropriate)* | | $0.00 | 11 |
| ☐ Return Receipt (hardcopy) | $ | $0.00 | |
| ☐ Return Receipt (electronic) | $ | $0.00 | |
| ☐ Certified Mail Restricted Delivery | $ | $0.00 | Postmark |
| ☐ Adult Signature Required | $ | $0.00 | Here |
| ☐ Adult Signature Restricted Delivery | $ | | |
| Postage | $1.75 | | |
| Total Postage and Fees | $5.25 | | 12/23/2019 |

Sent To US DEPT OF ED. OFF OF GENERAL COUNSEL
Street and Apt. No., or PO Box No. 400 MARYLAND AVE, SW RM 6E300
City, State, ZIP+4® WASHINGTON, D.C. 20202-7111

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7019 0140 0001 0945 2070

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

WASHINGTON, DC 20530

| Certified Mail Fee | $3.50 | | 0144 |
| Extra Services & Fees *(check box, add fee as appropriate)* | | $0.00 | 11 |
| ☐ Return Receipt (hardcopy) | $ | $0.00 | |
| ☐ Return Receipt (electronic) | $ | $0.00 | |
| ☐ Certified Mail Restricted Delivery | $ | $0.00 | Postmark |
| ☐ Adult Signature Required | $ | $0.00 | Here |
| ☐ Adult Signature Restricted Delivery | $ | | |
| Postage | $1.75 | | |
| Total Postage and Fees | $5.25 | | 12/23/2019 |

Sent To ATT. GEN. OF THE U.S. U.S. DEPT. OF JUSTICE
Street and Apt. No., or PO Box No. 950 PENNSYLVANIA AVE, NW
City, State, ZIP+4® WASHINGTON, D.C. 20530-0001

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7019 0140 0001 0945 2100

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

GREENVILLE, TX 75403

| Certified Mail Fee | $3.50 | | 0144 |
| Extra Services & Fees *(check box, add fee as appropriate)* | | $0.00 | 11 |
| ☐ Return Receipt (hardcopy) | $ | $0.00 | |
| ☐ Return Receipt (electronic) | $ | $0.00 | |
| ☐ Certified Mail Restricted Delivery | $ | $0.00 | Postmark |
| ☐ Adult Signature Required | $ | $0.00 | Here |
| ☐ Adult Signature Restricted Delivery | $ | | |
| Postage | $1.75 | | |
| Total Postage and Fees | $5.25 | | 12/23/2019 |

Sent To DEPT. OF ED DIRECT LOAN SERVICING CTR
Street and Apt. No., or PO Box No. PO BOX 5609
City, State, ZIP+4® GREENVILLE, TX 75403-5609

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7019 0140 0001 0945 2063

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

MILWAUKEE, WI 53201

| Certified Mail Fee | $3.50 | | 0144 |
| Extra Services & Fees *(check box, add fee as appropriate)* | | $0.00 | 11 |
| ☐ Return Receipt (hardcopy) | $ | $0.00 | |
| ☐ Return Receipt (electronic) | $ | $0.00 | |
| ☐ Certified Mail Restricted Delivery | $ | $0.00 | |
| ☐ Adult Signature Required | $ | $0.00 | Postmark |
| ☐ Adult Signature Restricted Delivery | $ | | Here |
| Postage | $1.75 | | |
| Total Postage and Fees | $5.25 | | 12/23/2019 |

Sent To GREAT LAKES
Street and Apt. No., or PO Box No. PO BOX 7059
City, State, ZIP+4® MILWAUKEE, WI 53201-7059

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7019 0140 0001 0945 2056