## UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK
One Bowling Green
New York, NY 10004-1408

| | |
|---|---|
| IN RE: ) | |
| Debtor ) | |
| Sheldon Bert Leary, ) | Case No. 15-11583-mg |
| 3410 Paul Ave. # 1R ) | |
| Bronx, NY 10468 ) | |
| SSN XXX XX 9075 ) | |
| ) | CHAPTER 7 |
| ) | |
| Trustee ) | |
| ) | Hon. Martin Glenn |
| David R. Kittay, ) | |
| Kittay & Gershfeld, P.C. ) | Adv. Proceeding No. 15-01295-mg |
| 100 White Plains Rd. 2nd Fl. ) | |
| Tarrytown, NY 10591 ) | |
| ) | |
| Great Lakes, Defendant ) | |
| ) | |
| ) | |
| And ) | |
| ) | |
| ) | |
| Betsy DeVos, Secretary, Dept of Education, ) | |
| Defendant ) | |

*********************************************************************

### MOTION FOR CONTEMPT OF COURT ORDER

**NOW** comes Sheldon Leary, pro se, and requests this honorable Court find the conduct of the Department of Education to be in direct contempt of the March 2, 2016, **Order** Granting Judgement by Default against the above captioned Student Loan Servicers and Agents of the Department of Education, hereafter, ED, and for reasons states;

Section 524(a)(2) of the Bankruptcy Code, which specifies that a discharge order triggers an automatic injunction against any creditor that attempts to collect a discharged debt. If a creditor attempts collection efforts on a discharged debt, the debtor can file a Contempt motion with the court, reporting the action and asking that the case be reopened to address the matter. This is such an attempt.

## FACTS

1. On June 17, 2015, Plaintiff filed for Bankruptcy in U.S. Bankruptcy Court, for the Southern District of New York, under Chapter and before the honorable Martin Glenn.

2. On August 28, 2015, Plaintiff filed an Adversary Proceeding against the Defendant under the Bankruptcy petition.

3. Plaintiff included in the Adversary Petition loan servicers; Discover Student Loans, EDSI, Navient, and Wells Fargo.

4. On or about September 23, 2015, Plaintiff properly served a copy of the Adversary Proceedings Complaint and Summons to the Defendant and all other loan servicers

5. EDSI, Navient, and Wells Fargo, all answered Plaintiff's Adversary Petition.

6. Discover Student Loans and Great Lakes failed to timely plead or otherwise respond to said Summons and Complaint.

7. On December 16, 2015, Plaintiff requested that the Clerk of Bankruptcy Court enter a Default against Defendants Discover and Great Lakes.

8. On January 7, 2016, the Clerk entered Defendants Discover and Great Lakes' Default.

9. On February 8, 2016, Plaintiff filed the Motion and served notice of the Clerk's entry of Default against Defendant Great Lakes and notice of the Motion.

10. Defendant Great Lakes failed to respond to the Motion.

11. Defendant Great Lakes failed to appear for the hearing scheduled February 29, 2016.

12. On March 2, 2016, this honorable Court, **Ordered, Adjudged and Decreed** that the Plaintiff is discharged from the student loan debt **held** by Defendant Great Lakes.

13. On or about June 17, 2019, Plaintiff received a letter from Defendant **ED**, admitting to having received notice of the Adversary Proceedings and Discharge Order from its agent Loan Servicer but

nevertheless demanding payment on debt discharged by this honorable Court, and threatening imminent garnishment. (See Attachment )

14. Plaintiff promptly replied on or about June 17, 2019, by forwarding to Defendant **ED**, the Court's Default/Discharge Orders and the Adversary Proceedings Motion. (See Attachment ).

15. Despite its actual knowledge of this Court's Discharge Order, on or about November 14, 2019, Defendant **ED,** sent another letter threatening immediate garnishment.(See Attachment ).

16. Despite its actual knowledge of this Court's Discharge Order, on or about December 13, 2019, Plaintiff became aware, through Credit Karma of **ED**'s negative report to TransUnion and Experian Credit Services in violation of Section 524(a)(2) of the U.S. Bankruptcy Code.

I. **MOTION FOR CONTEMPT IS PROPER**

Section 524(a)(2) of the Bankruptcy Code, specifies that a discharge order triggers an automatic injunction against any creditor that attempts to collect a discharged debt. If a creditor attempts collection efforts on a discharged debt, the debtor can file a Contempt motion with the Court, reporting the action and asking that the case be reopened to address the matter. This is such an attempt.

II. **GREAT LAKES, AND ALL OTHER STUDENT LOAN SERVICERS, ARE AGENTS OF THE DEPARTMENT OF EDUCATION.**

**Black's Law Dictionary** has defined agency as a relation, created either by express or implied contract or by law, whereby one party (called the principal or constituent) delegates the transaction of some lawful business or the authority to do certain acts for him or in relation to his rights or property, with more or less discretionary power, to another person (called the agent, attorney, proxy, or delegate) who undertakes to manage the affair and render him an account thereof. State v. Hubbard, 58 Kan. 797, 51 Pac. 290, 39 L. R. A. S60; Sternaman v. Insurance Co., 170 N. Y. 13, 62 N. E. 763, 57 L. R. A. 318, 88 Am. St. Rep. 625; Wynegar v. State, 157 Ind. 577, 62 N. E. 38. Loan Servicers are therefore, by

definition, agents of the Dept of Education.

The **ED** has entrusted the authority in relation to the debt to the Loan Servicers, who manage every aspect of the debt, including settlement, mediation, modification and even litigation. It is another principal of law that 'an agent's act binds the principal'. Notice to the Agent is notice to the Principal. Therefore, in its Order, this Court correctly articulated that the Defendants were, each, the holder of the respective debt. The Court correctly adjudged that "due and proper notice" of the Adversary Proceeding Motion and "opportunity for a hearing thereon having been given." This Court rightly "determined that the legal and factual basis" of the Plaintiff's Adversary Proceeding Motion, "establish just cause for the relief granted."

Congress created the Direct Loan Program as part of the Student Loan Reform Act of 1993 (Pub. L. 103-66). Congress provided that the program would be administered by the Department through student loan servicers, directing the Secretary to enter into contracts for loan "servicing" and for "such other aspects of the direct student loan program as the Secretary determines are necessary to ensure the successful operation of the program." (20 U.S.C. 1087f(b)(4).) To achieve its goals of streamlining and simplifying the delivery of student loans and of saving taxpayer dollars (See 139 Cong. Rec. S5585, S5628 (1993)), Congress designed a program in which servicing would be "provided at competitive prices" by entities "selected by and responsible to the Department of Education." (20 U.S.C. 1087f(a)(1); H.R. Rep. No. 103-111, at 107 (1993).).

As the United States recently noted in the Statement of Interest in Massachusetts v. Pennsylvania Higher Education Assistance Authority, "The Department's contract with [loan servicers] is voluminous--spanning more than 600 pages and including provisions governing [the servicer's] financial controls, internal monitoring, communications with borrowers, and many other topics." In its contracts with loan servicers, including task orders and change requests issued under those contracts, the Department specifies in detail the responsibilities and obligations of the servicers for Direct Loans and the

5

benefits provided under that program. So, again, Great Lakes and all other Student Loan Servicers are agents of Defendant **ED**.

Great Lakes had actual authority to act on behalf of the principal, Defendant **ED**, and **as such, actions (or inaction) of the Agent bind the Principal.**

### III. DEPARTMENT OF EDUCATION WAS AWARE OF THE DISCHARGE ORDER AND ATTEMPTS TO COLLECT ON THAT DISCHARGE DEBT IS CONTEMPT.

In addition to being on notice of the Default and Discharge Order through its agent Defendant Great Lakes, Defendant **ED** was served a copy of the Adversary Proceeding Petition and the Default Discharge Order by Plaintiff. (See Fact No. 14)

This contempt has caused Plaintiff aggravation, loss of sleep and worry, in addition to contributing to marital strain. Equally damaging is the damage due to a downgrading of Plaintiff's credit rating.

**Defendant ED is in contempt of this Court's March 2, 2016 Order finding Defendant Great Lakes in Default and Discharging the debt.**

**WHEREFORE, Plaintiff moves this Honorable Court,**

A. **Find the Department of Education (Defendant ED) in Contempt of the Court's Discharge Order.**

B. **Order Department of Education, (Defendant ED) to withdraw and remedy any negative credit reporting.**

C. **Order Department of Education, (Defendant ED) to pay a fine in the amount within the sound wisdom of this Court and commensurate legal precedent.**

D. Order Department of Education, (Defendant ED) to pay Plaintiff a nominal Award of $5,000, for pain and suffering caused by Its contemptuous conduct and in violation of the Court's Order.

E. Grant Plaintiff such other and further relief as justice and the nature of his cause require.

**Respectfully submitted,**

/s/

**Sheldon Bert Leary, Plaintiff, Pro se**

## CERTIFICATE OF SERVICE

**I, SHELDON BERT LEARY, do hereby Certify,** that on the 13th, day of January 2020, a copy of the above Motion and Attachments were mailed Certified Mail to the below address.

Great Lakes

2401 International Lane

Madison, WI 53704

**Sheldon Bert Leary**

